IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI,                          :
                                        :
            Petitioner                  :          CIVIL NO. 3:CV-08-272
                                        :
      v.                                :
                                        :
                                        :          (Judge Vanaskie)
UNITED STATES PAROLE COMMISSION,        :
et al.,                                 :
                                        :
            Respondents                 :

MEMORANDUM

April 16, 2009

Background

Kevin Razzoli initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while previously confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood).  Named as Respondents are the United States Parole Commission (Parole Commission), USP-Allenwood Warden Martinez, and various other federal agencies and officials.[1]

_____

[1]  The only properly named respondent in a federal habeas corpus action is the applicant's custodial official.  See 28 U.S.C. § 2242.  When this matter was initiated, Warden Martinez was Petitioner's custodial official for purposes of § 2242.

Following a naval court martial, Petitioner was convicted of attempted murder and related charges and sentenced to a twenty-five (25) year term of imprisonment in 1987.  See Razzoli v. U.S. Navy, 248 Fed. Appx. 473, (3d Cir. 2007).  He was eventually transferred into the custody of the Federal Bureau of Prisons (BOP).  Although granted parole on multiple occasions, Razzoli has repeatedly had his parole revoked.  See id.

On August 9, 2006, while on federal parole, Petitioner pled guilty to a charge of disorderly conduct in Lackawanna County Central Court.  See id. at 474.  Upon completion of that sentence, Razzoli was detained on a federal parole violation charge.  Id.  During December, 2006, the Parole Commission revoked Petitioner's parole on the basis of his disorderly conduct conviction.  See id.

Petitioner's pending action does not challenge either the legality of his underlying criminal conviction or sentence.  He also does not contest the legality of his most recent parole revocation.  Rather, he is apparently claiming entitlement to federal habeas corpus relief on the basis that he was denied due process during an FCI-Allenwood disciplinary hearing and has been improperly denied parole and/or placement in a halfway house as a result of that disciplinary finding. [2]

---

[2]  Razzoli's Petition is a rambling narrative lacking factual detail.  As a consequence, it is difficult to decipher his contentions.  Petitioner also makes some outlandish, if not delusional, accusations. For instance, he contends that federal probation officers have used electronic devices on him that cause altered vision, internal bleeding, and dementia.  See Dkt.

With respect to Razzoli's disciplinary hearing related claims, on November 8, 2005, an FCI-Allenwood correctional officer allegedly discovered a seven inch (7") sharpened shank under a desk in Petitioner's cell.  See Dkt. Entry # 26, p. 3.  As a result, Razzoli was issued an incident report charging him with possession, manufacture, or introduction of a weapon. Petitioner was subsequently found guilty of the charge following a hearing before an FCI-Allenwood Disciplinary Hearing Officer (DHO) and sanctioned in part to a 220 day loss of statutory good conduct time.  Petitioner asserts that the weapon was planted in his cell by correctional staff.  He also claims that his witnesses were intimidated and that evidence was withheld.

The remaining portion of the Petition asserts that the Parole Commission improperly denied him reparole and/or placement in a halfway house.  Razzoli maintains that the Parole Commission violated his due process and equal protection rights by: improperly considering falsified documents; allowing his case to be reviewed by a biased Hearing Examiner; denying him reparole because of his Italian heritage; rejecting his proposed release plan; using electronic devices on him; and made determinations which were ex post facto violations.

A recent filing by Respondents indicates that Petitioner was released from federal custody on January 23, 2009, and is currently residing in the State of New York.  See  Dkt.

Entry # 6.

Entry # 33, p. 4.  In light of that development, Respondents seek dismissal of this action on the grounds that Razzoli's release from custody has mooted his claims.  See id. at p. 1.

Discussion

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence."  Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."  Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).  In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

Since Razzoli was sanctioned by the loss of good time credits which adversely affected the duration of his ongoing federal confinement, his challenge to his USP-Allenwood disciplinary proceedings was appropriate for federal habeas corpus review at the time this matter was filed.  Likewise, Petitioner's due process and equal protection claims stemming from the Parole Commission's failure to grant him reparole/ halfway house placement also clearly impacted the length of Razzoli's imprisonment and thus were suitable for review under § 2241. See Woodall, 432 F.3d at 243-44 (claims regarding denial of halfway house placement properly sound in habeas corpus).

4

However, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Once a habeas corpus petitioner is released from custody, a federal court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). This is due to the fact that federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id. see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy)" (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Burkey, 556 F.3d at 147. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must

exist for the action to continue." Id.  See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18.  See also  United States v. Kissinger, 309 F.3d 179, 181-82 (3d Cir. 2002)  (a petitioner unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation);  Lane v. Williams, 455 U.S. 624, 632-34 (1982).

Similarly, "[g]ood time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." Scott v. Schuylkill, FCI,  298 Fed. Appx. 202, 204 (3d Cir. 2008).  Thus, once a prisoner is placed on supervised release, his § 2241 petition challenging a prison disciplinary hearing which resulted in a loss of good time credit is subject to dismissal on the basis of mootness. See id.  In Hagwood v. Grondolsky, Civil No. 08-5073, 2009 WL 455499 *2 (D.N.J. Feb. 19, 2009), the district court addressed a federal inmate's challenge to the BOP's reversal of a decision to place him on home confinement.  The district

court concluded that the matter became moot once the BOP placed the prisoner on home confinement because there was no longer a threat of actual injury.

Petitioner has not shown that he is suffering any collateral consequences as required under Spencer Johnson, and Kissinger stemming from either his FCI-Allenwood disciplinary hearing, the alleged prior failure of federal officials to place him in a halfway house, or the prior rejection of his request for reparole.  As noted in Scott and Hagwood, the types of habeas claims asserted herein are mooted once a federal inmate is released from imprisonment. Moreover, the only relief requested by Petitioner is that he be afforded either release or halfway house placement.  Since he has been afforded that relief, a finding of mootness is compelled.

Accordingly, the habeas petition will be dismissed.  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN RAZZOLI,                          :
                                        :
              Petitioner                :        CIVIL NO. 3:CV-08-272
                                        :
       v.                               :
                                        :
                                        :        (Judge Vanaskie)
UNITED STATES PAROLE COMMISSION,        :
 et al.,                                :
                                        :
              Respondents               :

ORDER

       NOW, THEREFORE, THIS 16th DAY OF APRIL, 2009, in accordance with the

accompanying Memorandum, IT IS HEREBY ORDERED THAT:

       1.     The petition for writ of habeas corpus is DISMISSED AS MOOT.

       2.     The Clerk of Court is directed to mark this matter CLOSED.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge